## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 08 2015, 9:01 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Keith T. Gardon,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

October 8, 2015

Court of Appeals Cause No.
02A03-1503-CR-104

Appeal from the Allen Superior Court

The Honorable Frances C. Gull, Judge

Trial Court Cause No.
02D04-1411-f3-19

**Barnes, Judge.**

# Case Summary

Keith Gardon appeals his conviction for Level 3 felony robbery. We affirm.

# Issue

Gardon raises one issue, which we restate as whether there was sufficient evidence to support his robbery conviction.

# Facts

On November 12, 2014, Gardon, Jeremiah Breit, and another man known as Miko met at the Mission on Superior Street in Fort Wayne. According to Breit, they "initially set out to commit some crime, but [they] didn't know exactly what." Tr. p. 60. The men went to the library, where free food and clothes were being distributed, and got coats. They made their way to a restaurant parking lot, where they looked in cars for items to steal and checked for unlocked doors. Employees at the restaurant saw the men looking into cars and called 911.

The men then saw a woman leaving an adjacent restaurant and walked over to her because they "intended on robbing the woman . . . ." *Id.* at 64. Miko approached the woman with a "black, Beretta-looking bb gun[.]" *Id.* The woman dropped her bag, which contained a laptop, and her wallet and keys. The men picked up the woman's things and fled. They met up again under a nearby viaduct, where they put the laptop into a computer bag Gardon was carrying. At that point, police arrived, and the men took off running again. All three men were apprehended by police. When Gardon was apprehended, he

told police his name was Darren instead of Keith because he had outstanding warrants.

[5] The State charged Gardon with Level 3 felony robbery and Class B misdemeanor false informing. A bench trial was conducted, at which Gardon testified he had been walking home from his aunt's house when he was detained by the police and was simply in the wrong place at the wrong time. Gardon was found guilty as charged, and he now appeals his robbery conviction.

## Analysis

[6] Gardon argues there is insufficient evidence to support his robbery conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id*.

[7] To be convicted as an accomplice, a defendant must knowingly or intentionally aid, induce, or cause the commission of an offense by another. *Castillo v. State*, 974 N.E.2d 458, 466 (Ind. 2012) (citing Ind. Code § 35-41-2-4). A defendant may be charged as the principal but convicted as an accomplice and, generally, there is no distinction between the criminal liability of an accomplice and a

principal. *Id.* "There is no bright line rule in determining accomplice liability; the particular facts and circumstances of each case determine whether a person was an accomplice." *Id.* at 353. Four factors to determine whether a defendant acted as an accomplice are: (1) presence at the scene of the crime; (2) companionship with another at scene of crime; (3) failure to oppose commission of crime; and (4) course of conduct before, during, and after the crime. *Id.*

[8] On appeal, Gardon argues that he did not know the other two men were going to rob the victim and that, although he provided the computer bag used to stow the laptop, the robbery was complete before he became involved. The evidence, however, is sufficient to establish that Gardon was an accomplice.

[9] The evidence showed that Gardon and the two other men set out that evening to commit an unspecified crime, obtained coats to help conceal their identities, and trolled a parking lot looking for items to steal. It was established that Miko walked with a limp and that the two men who walked without limps, Gardon and Breit, first walked toward the woman as she left the restaurant while Miko trailed behind. Breit testified that they walked toward her because they intended to rob her. The victim testified that the three men approached her with their faces covered, one of the men cut her off and displayed a gun, she dropped her things, and they fled with her things. There is also evidence that the three men reconvened nearby and put the laptop into a bag provided by Gardon. Thus, the evidence showed that Gardon was present at the scene of the crime, he was acting in concert with Miko, who apparently brandished the

gun, he failed to oppose commission of crime, and he helped to conceal the victim's laptop after it was stolen. This is sufficient evidence to show that Gardon was acting as an accomplice in the commission of the robbery.

## Conclusion

[10] There is sufficient evidence to support Gardon's robbery conviction. We affirm.

[11] Affirmed.

Kirsch, J., and Najam, J., concur.